## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**Diana DeLuna, et al. v.**
**Bayer Corp., et al.[1] No. 3:11-cv-20001-DRH-PMF**

**Keri Griesbach, et al. v.**
**Bayer Corp., et al.[2] No. 3:11-cv-20003-DRH-PMF**

**Sabrina Lane, et al. v.**
**Bayer Corp., et al.[3] No. 3:11-cv-20002-DRH-PMF**

---

[1] This motion applies to plaintiffs (1) Josephine Flores, (2) Melissa Franic, (3) Courtney Fultz, (4) Donna Gabbard, (5) Tamiko Hardy, (6) Tami Harvell, (7) Brenda Howard, (8) Angela Justice, (9) Meagan Kirk, (10) Kimberly Koerner, (11) Savanna Raether, (12) Lutwan Rayford, (13) Jocelyn Reynolds, (14) Krissy Swyers, and (15) Ciera Teal. Plaintiffs, Tracy Gilkison and Tiffany Kaeppner, were initially included in the Bayer defendants' motion to dismiss. However, Bayer subsequently withdrew their motion to dismiss at to plaintiffs Tracy Gilkison and Tiffany Kaeppner (*Deluna*, Doc. 17).

[2] This motion applies to plaintiffs (1) Susan Lyons, (2) Tracy Maden, (3) Franchesca Martin, (4) Kelli McCrae, (5) Lori Miller, (6) Arlene Monroe, (7) Shelli Ness, (8) Lori Padgett, (9) Ellen Petrina, (10) Romona Pullins, (11) Samantha Quiles, (12) Amye Quinn, (13) Brandi Schneider, (14) Jennifer Smith, (15) Stacie Stelly, (16) Amanda Stephens, (17) Kelsey Timbs, (18) Kina Williams, (19) Danielle Williams-Hopkins, (20) Ginna Wolfe, and (21) Laura Ann Wood.

[3] This motion applies to plaintiffs (1) Ashley Barnes-Mosley, (2) Brandy Barron, (3) Lindsey Bartels, (4) Christine Barzee, (5) Donna Beasley, (6) Mindy Brink, (7) Alyson Brown, (8) Kelly Bryant, (9) Shawna Casto, (10) Guadalupe Cerda, (11) Tosha Champion, (12) Nekeshia Cheatteam, (13) Markita Childress, (14) Paige Christophel, (15) Kathryn Churilla, (16) Katherine Clough, (17) Marie Cooper, (18) Toni Corley, (19) Ashley Corona, (20) Shellena Crabtree, (21) Esmeralda Davis, (22) LaTosha Davis, (23) Julia Donahue, (24) Ashley Dooley, (25) Kimberly Edwards, (26) Wendy Edwards, (27) Sonya Ellis,

# ORDER DISMISSING WITHOUT PREJUDICE

## I. INTRODUCTION

**Herndon, Chief Judge**

This matter is before the Court on the Bayer Defendants' motion, pursuant to Case Management Order 12 ("CMO 12"),[4] for an order dismissing plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.

## II. BACKGROUND

Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

---

(28) Angela Vargas, (29) Tonya Watton, (30) Lindsey Wheeler, and (31) Denise White.

[4] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

Accordingly, Plaintiffs in the above-captioned matters were to have served completed PFSs **on or before May 21, 2011**. *See* 3:11-cv-20001-DRH-PMF Doc. 17-1.[5] In their motion to dismiss, Bayer stated that although the Plaintiffs in the above-captioned matters had served PFSs, each PFS is not "substantially complete" as required by CMO 12 (3:11-20001-DRH-PMF Doc. 17). Bayer properly notified each Plaintiff that her PFS was not "substantially complete" as required by CMO 12. *See* 3:11-cv-20001 Doc. 17-2.

On February 9, 2012, plaintiffs filed an unopposed motion for extension of time to respond to the Bayer defendant's motion to dismiss (up to and including February 15, 2012). *See* 3:11-cv-20001 Doc. Doc. 23. In their motion for extension, plaintiffs' counsel states that prior to receiving correspondence from Bayer, they had been providing executed authorizations without the name and address of the provider, facility, or pharmacy and thought that was all that was required under CMO 12. *Id*. In its correspondence, Bayer informed plaintiffs' counsel that this practice was insufficient under CMO 12. Plaintiffs' counsel also states that although they believe CMO 12 was ambiguous on this matter, they would work to provide the Bayer defendants with revised PFS materials. The Court clearly addressed this issue on July 9, 2010, in a minute order (MDL 2100 Doc. 1221).

---

[5] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Diana DeLuna, et al. v. Bayer Corp., et al.*[5] No. 3:11-cv-20001-DRH-PMF.

That minute order (which is also posted on the Court's MDL website) provides in full:

| 07/09/2010 | 1221 | MINUTE ORDER re 836 The Court wants to remind all Plaintiffs and all Plaintiffs' counsel that it is their obligation under CMO 12 (Doc. 836) to provide a Plaintiff Fact Sheet that is substantially complete and to provide completely executed Authorizations (other than leaving the date blank). This means that the Plaintiff must sign all of the Authorizations and must also fill in all of the information in the Authorization. This includes the name of the records provider to whom the Authorization will be sent, the Plaintiff's name, the Plaintiff's social security number and date of birth, and all of the other information contained in the Authorization form. It is the Plaintiff's obligation to fill out the Authorization form completely and properly. Signed by Chief Judge David R. Herndon on 7/9/2010. (dsw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/09/2010) |
|---|---|---|

Thus, plaintiffs are clearly required to provide the information that the Bayer defendants are requesting.

On February 15, 2012 plaintiffs responded to the motion to dismiss stating that certain plaintiffs are now in compliance with their PFS obligations. As to the remaining plaintiffs, plaintiffs simply state that they are working to comply.

On February 17, 2012, the Bayer defendant's replied to plaintiff's response. The Bayer defendants state that *some* of the responding plaintiffs have submitted *some* supplemental PFS materials to Bayer but **only two** have submitted "substantially complete" PFS materials as required by CMO 12.

### III.  SUMMARY OF DEFICIENCIES

The following lists summarize the plaintiffs identified in the Bayer defendants' motion to dismiss as being deficient, the response as to each plaintiff, and the Bayer defendants' reply as to each plaintiff.

## *Diana DeLuna, et al. v. Bayer Corp., et al.*
## No. 3:11-cv-20001-DRH-PMF

The following plaintiffs were identified in the motion to dismiss as having deficient PFS materials:

- Josephine Flores
- Melissa Franic
- Courtney Fultz
- Donna Gabbard
- Tracy Gilkison
- Tamiko Hardy
- Tami Harvell
- Brenda Howard
- Angela Justice
- Tiffany Kaeppner
- Meagan Kirk
- Kimberly Koerner
- Savanna Raether
- Lutwan Rayford
- Jocelyn Reynolds
- Krissy Swyers
- Ciera Teal

Bayer subsequently withdrew its motion to dismiss as to plaintiffs Tracy Gilkison and Tiffany Kaeppner, leaving fifteen plaintiffs in issue (*Deluna*, Doc. 17).  With regard to the remaining fifteen plaintiffs, plaintiffs respond stating that two of the fifteen (Savanna Raether and Jocelyn Reynolds) are now in compliance with PFS obligations.  As to the remaining thirteen plaintiffs, plaintiffs simply state that they are working to achieve compliance.  Bayer responds, stating that

neither Savanna Raether nor Jocelyn Reynolds is in compliance with her PFS obligations.

After reviewing the information provided by the Bayer defendants, the Court concludes that Savanna Raether and Jocelyn Reynolds have not substantially complied with their PFS obligations. In addition, the remaining thirteen plaintiffs have not substantially complied with their PFS obligations. **Accordingly, none of the fifteen plaintiffs in issue has complied with the PFS obligations, which were due on or before May 21, 2011**.

## Keri Griesbach, et al. v. Bayer Corp., et al.
## No. 3:11-cv-20003-DRH-PMF

The following plaintiffs were identified in the motion to dismiss as having deficient PFS materials:

- Susan Lyons
- Tracy Maden
- Franchesca Martin
- Kelli McCrae
- Lori Miller
- Arlene Monroe
- Shelli Ness
- Lori Padgett
- Ellen Petrina
- Romona Pullins
- Samantha Quiles
- Amye Quinn
- Brandi Schneider
- Jennifer Smith
- Stacie Stelly
- Amanda Stephens
- Kelsey Timbs
- Kina Williams
- DanielleWilliams-Hopkins
- Ginna Wolfe
- Laura Ann Wood

Plaintiffs state that three of the twenty-one plaintiffs in issue (Romona Pullins, Jennifer Smith, and Kina Williams), are now in compliance with their

PFS obligations. With regard to the remaining eighteen plaintiffs, plaintiffs simply state that they are working to achieve compliance. Bayer responds, stating that only Jennifer Smith has substantially complied with her PFS obligations.

After reviewing the information provided by the Bayer defendants, the Court concludes that, with the exception of Jennifer Smith, none of the plaintiffs in issue has substantially complied with the PFS requirements. **Accordingly, only one of the identified plaintiffs, Jennifer Smith, has complied with her PFS obligations, which were due on or before May 21, 2011.**

## Sabrina Lane, et al. v. Bayer Corp., et al.
## No. 3:11-cv-20002-DRH-PMF

The following plaintiffs were identified in the motion to dismiss as having deficient PFS materials:

- Ashley Barnes-Mosley
- Brandy Barron
- Lindsey Bartels
- Christne Barzee
- Donna Beasley
- Mindy brink
- Alyson Brown
- Kelly Bryant
- Shawna Casto
- Guadalupe Cerda
- Tosha Champion
- Nekeshia Cheatteam
- Markita Childress
- Paige Christophel
- Kathryn Churilla
- Katherine Clough
- Marie Cooper
- Toni Corley
- Ashley Corona
- Shellena Crabtree
- Esmeralda Davis
- Latosha Davis
- Julia Donahue
- Ashley Dooley
- Kimberly Edwards
- Wendy Edwards
- Sonya Ellis
- Angela Vargas
- Tonya Watton
- Lindsey Wheeler
- Denise White

Plaintiffs respond, stating that, of the thirty-one plaintiffs in issue, the following fourteen plaintiffs are now in compliance with their PFS obligations:

- Bartels, Lindsey
- Beasley, Donna
- Brown, Alyson
- Bryant, Kelly
- Cheatheam, Nekeshia
- Clough, Katherine
- Cooper, Marie
- Corona, Ashley
- Dooley, Ashley
- Edwards, Wendy
- Vargar, Angela
- Watton, Tonya
- Wheeler, Lindsey
- White, Denise

With regard to the seventeen plaintiffs, plaintiffs simply state that they are working to achieve compliance. Bayer responds, stating that only Lindsey Bartels has substantially complied with her PFS obligations.

After reviewing the information provided by the Bayer defendants, the Court concludes that, with the exception of Lindsey Bartels, none of the identified plaintiffs has provided a substantially complete PFS. **Accordingly, only one of the identified plaintiffs, Lindsey Bartels, has complied with the PFS obligations, which were due on or before May 21, 2011.**

## IV. ANALYSIS

Considering the requirements of CMO 12 and the relevant pleadings, **the Court finds that, with the exception of plaintiffs Lindsey Bartels (the *Lane* case) and Jennifer Smith (the *Griesbach* case) the plaintiffs that are the subject of the Bayer defendant's motion to dismiss have failed to timely**

**comply with their PFS obligations**. These plaintiffs' PFS materials were due on or before May 21, 2011. Plaintiffs have had more than enough time to provide the required materials. Accordingly, the Court is dismissing the claims of the non-compliant plaintiffs (listed below) for failure to comply with their PFS requirements. The Court refers plaintiffs to CMO 12 and to its Minute Order, dated July 9, 2010 (MDL 2100 Doc. 1221) (and copied in full above), with regard to any additional questions as to their PFS obligations.

Further, the Court notes that, **pursuant to CMO 12, plaintiffs have 60 days from the entry of this order to provide substantially complete PFS materials before their cases are converted into dismissals with prejudice.** This gives plaintiffs more than enough time to address the relevant deficiencies in their PFS materials.

## V. CONCLUSION

The Court therefore **ORDERS** that the claims of the following plaintiffs be dismissed without prejudice for failure to comply with PFS obligations:

### *Diana DeLuna, et al. v. Bayer Corp., et al.*
### No. 3:11-cv-20001-DRH-PMF

- Josephine Flores
- Melissa Franic
- Courtney Fultz
- Donna Gabbard
- Tamiko Hardy
- Tami Harvell
- Brenda Howard
- Angela Justice
- Meagan Kirk
- Kimberly Koerner
- Savanna Raether
- Lutwan Rayford
- Jocelyn Reynolds
- Krissy Swyers

- Ciera Teal

## Keri Griesbach, et al. v. Bayer Corp., et al.
## No. 3:11-cv-20003-DRH-PMF

- Susan Lyons
- Tracy Maden
- Franchesca Martin
- Kelli McCrae
- Lori Miller
- Arlene Monroe
- Shelli Ness
- Lori Padgett
- Ellen Petrina
- Romona Pullins
- Samantha Quiles

- Amye Quinn
- Brandi Schneider
- Stacie Stelly
- Amanda Stephens
- Kelsey Timbs
- Kina Williams
- Danielle Williams-Hopkins
- Ginna Wolfe
- Laura Ann Wood

## Sabrina Lane, et al. v. Bayer Corp., et al.
## No. 3:11-cv-20002-DRH-PMF

- Ashley Barnes-Mosley
- Brandy Barron
- Christne Barzee
- Donna Beasley
- Mindy brink
- Alyson Brown
- Kelly Bryant
- Shawna Casto
- Guadalupe Cerda
- Tosha Champion
- Nekeshia Cheatteam
- Markita Childress
- Paige Christophel
- Kathryn Churilla
- Katherine Clough

- Marie Cooper
- Toni Corley
- Ashley Corona
- Shellena Crabtree
- Esmeralda Davis
- Latosha Davis
- Julia Donahue
- Ashley Dooley
- Kimberly Edwards
- Wendy Edwards
- Sonya Ellis
- Angela Vargas
- Tonya Watton
- Lindsey Wheeler
- Denise White

**Further,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this**

**order, the order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**SO ORDERED**

David R. Herndon
2012.02.28
17:12:52 -06'00'

**Chief Judge**                                                         Date:  February 28, 2012
**United States District Court**